**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 28 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

NATHANAEL ROMAN,

Petitioner,

v.

COMMISSIONER OF INTERNAL
REVENUE,

Respondent.

No. 97-9017
Appeal from U.S. Tax Court
(T.C. No. 95-4370)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **BARRETT**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore,

---

[*]   This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

petitioner's request for oral argument is denied, and the case is ordered submitted without oral argument.

Petitioner Nathanael Roman appeals the Tax Court's decision in favor of respondent Commissioner of the Internal Revenue Service. The Commissioner disallowed various deductions claimed by petitioner on his 1989, 1990, and 1991 tax returns, and assessed penalties and additions to tax for failing to file timely returns and for substantial understatement of income tax. Proceeding pro se before the Tax Court, petitioner sought to substantiate deductions for charitable contributions, business expense losses, nonbusiness bad debts, and worthless stock. The Tax Court determined that petitioner failed to meet his burden of proof to support his claimed deductions and to successfully challenge the assessment of penalties and additions to tax. We have jurisdiction under 26 U.S.C. § 7482, and we affirm.

"We review Tax Court decisions 'in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury.'" Anderson v. Commissioner, 62 F.3d 1266, 1270 (10th Cir. 1995) (quoting 26 U.S.C. § 7482(a)(1)). The Tax Court's factual findings are reviewed for clear error and its legal conclusions de novo. See id. Petitioner bears the burden of proving that the Commissioner's determinations in the deficiency notice are erroneous, and that he is allowed the deductions he is claiming. See Welch v.

Helvering, 290 U.S. 111, 115 (1933); Schelble v. Commissioner, 130 F.3d 1388, 1391 (10th Cir. 1997). The Tax Court's factual findings will be upheld unless the reviewing court is "left with the definite and firm conviction that a mistake has been committed." Commissioner v. Duberstein, 363 U.S. 278, 291 (1960) (further quotation omitted).

We have carefully reviewed the record on appeal and the parties' briefs. Applying the standard of review set forth above, we conclude that the Tax Court, in a thorough and well-reasoned memorandum opinion, correctly decided that petitioner was not entitled to the deductions he claimed. We also reject petitioner's contention that the Tax Court erred in upholding the Commissioner's assessment of additions to tax pursuant to 26 U.S.C. § 6651(a)(1) for untimely filing of his income tax returns for 1989 and 1990, and for penalties under 26 U.S.C. § 6662(a)(1) for substantial understatement of income tax for 1989, 1990, and 1991.

In its memorandum opinion, the Tax Court thoroughly detailed its factual findings and correctly concluded that petitioner failed to satisfy his burden of proving his entitlement to the claimed deductions. See Roman v. Commissioner, 73 T.C.M. (CCH) 2375, 1997 WL 122832 (1997). Accordingly, we AFFIRM the Tax Court for substantially the reasons stated in its March 19, 1997 Memorandum Findings of Fact and Opinion.

Because petitioner's affidavit in support of his motion for leave to proceed on appeal in forma pauperis indicates that he has income in excess of $3,000 per month, his motion for leave to proceed without payment of fees and costs is DENIED. All other outstanding motions of petitioner pending before this court are DENIED.

Entered for the Court


James E. Barrett
Senior Circuit Judge
